FILED
United States Court of Appeals
Tenth Circuit

April 2, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KENT ERIC LEBERE,

     Petitioner - Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents - Appellees.

No. 20-1117
(D.C. No. 1:03-CV-01424-MSK-MEH)
(D. Colo.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.

_____

This matter is before the court on Appellant's Petition for Panel Rehearing and for Rehearing En Banc.

The petition for panel rehearing is denied.

The petition for rehearing en banc was transmitted to all the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

The panel has _sua sponte_ revised the Order Denying Certificate of Appealability issued on March 1, 2021, to correct a clerical error. The Clerk of Court shall issue the

attached revised Order Denying Certificate of Appealability, effective *nunc pro tunc* to the date the original Order Denying Certificate of Appealability was filed, March 1, 2021.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

FILED
United States Court of Appeals
Tenth Circuit

March 1, 2021

Chris M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT ERIC LEBERE,

    Petitioner - Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 20-1117
(D.C. No. 1:03-CV-01424-MSK-MEH)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Kent Eric LeBere, a Colorado state prisoner, requests a certificate of appealability

(COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition for habeas

relief. We deny Mr. LeBere's request for a COA and dismiss this matter. *See* 28 U.S.C.

§ 2253(c)(1)(A).

I. Background

The State of Colorado charged Mr. LeBere with murdering Linda Richards. At

trial, the State offered testimony from Ronnie Archuleta, a jailhouse informant who was

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

housed with Mr. LeBere prior to trial. Mr. Archuleta testified that Mr. LeBere confessed to killing Ms. Richards. A jury found Mr. LeBere not guilty of first degree murder, felony murder, and manslaughter, but convicted him of second degree murder and arson. He was sentenced to sixty years' imprisonment.

While Mr. LeBere's direct appeal was pending, Mr. Archuleta recanted his trial testimony. Mr. Archuleta claimed that the detective investigating the murder, J.D. Walker, had given him information about the murder and induced him to fabricate a confession. The state court denied Mr. LeBere's request for a new trial based on Mr. Archuleta's recantation. Mr. LeBere then filed his § 2254 habeas petition, raising a claim that the State improperly withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

This is the third time Mr. LeBere appears before this court seeking review of the district court's denial of his habeas petition. In his first appeal, we reversed the district court's denial of his *Brady* claim as procedurally barred. *See LeBere v. Abbott*, 732 F.3d 1224, 1225 (10th Cir. 2013). On remand, both Mr. Archuleta and Detective Walker were deposed. Mr. Archuleta testified that Mr. LeBere never confessed to him and that Detective Walker provided him information to concoct a false confession in exchange for lenient treatment in his own case. According to Mr. Archuleta, Detective Walker instructed Mr. Archuleta to falsely testify that Mr. LeBere was the source of the information even though Detective Walker knew that he had provided the information to Mr. Archuleta. Contrary to Mr. Archuleta's testimony, Detective Walker testified that Mr. Archuleta had reported Mr. LeBere's confession to him.

2

A magistrate judge recommended denying Mr. LeBere's habeas petition on the ground that Detective Walker's testimony was more credible than Mr. Archuleta's, but the district court denied relief on a different ground. It determined that evidence that Detective Walker directed Mr. Archuleta to fabricate a confession by Mr. LeBere and fed him information to do so and then they both falsely testified about it, was immaterial to Mr. LeBere's conviction. The court therefore denied habeas relief on the *Brady* claim.

In his second appeal, we noted that Mr. LeBere framed his *Brady* claim "as two distinct subclaims related to Archuleta's recantation": (1) "that the government suppressed evidence that Walker and Archuleta conspired to manufacture a false confession"; and (2) "that Walker and Archuleta committed perjury by testifying to the contrary." *LeBere v. Trani*, 746 F. App'x 727, 731 (10th Cir. 2018). We determined "that the evidence allegedly not disclosed—that Walker induced Archuleta to concoct a false confession by providing him details about the crime—is material regardless of the subsequent perjury." *Id.* at 732. We therefore declined to address Mr. LeBere's second subclaim.

In addressing the materiality of the suppressed evidence identified in the first subclaim, we explained that:

> In addition to undermining Archuleta's credibility, the suppressed evidence would have strongly supported LeBere's theory that police had conducted an insufficient investigation. If Walker was willing to conspire with an inmate to procure a false confession, the jury might well conclude that the investigation was aimed at convicting LeBere rather than uncovering the truth.

3

*Id.* We further explained that "[s]howing that Walker encouraged an informant to lie would have had an impact on the case as a whole." *Id.* We ultimately "conclude[d] that the suppressed evidence [was] sufficient to undermine our confidence in the verdict." *Id.* at 733.

Although we noted that the State argued that the district court's decision could be affirmed on the alternative ground that Mr. Archuleta's recantation was not credible, we explained that "[w]e sit in review of the district court's decision, not the magistrate judge's recommendation." *Id.* We therefore "[left] it to the district court on remand to consider credibility in the first instance." *Id.*

On remand, the district court explained that "[a]s both the Magistrate Judge and the 10th Circuit recognized, the question comes down to one of credibility: whether Mr. Archuleta's testimony about having conspired with Detective Walker is more credible than Detective Walker's testimony that Mr. Archuleta self-reported Mr. LeBere's alleged confession without any prompting." Aplt. App., Vol. 2 at 453. The court then focused on what it considered to be the specific factual dispute. It noted that even assuming that Mr. Archuleta fabricated the alleged confession, the "pertinent question" was "whether Mr. Archuleta fabricated the alleged confession <u>at the direction of</u> (or, at the very least, <u>with the knowledge of</u>) Detective Walker." *Id.* at 454. Stated another way, "if Mr. Archuleta decided to fabricate Mr. LeBere's alleged confession on his own initiative, without the knowledge of Detective Walker, then the prosecution's failure to disclose that fabrication to Mr. LeBere cannot be a *Brady* violation." *Id.*

4

The court acknowledged that "[a] *Brady* claim may arise where the prosecution [is] negligent in failing to prevent false testimony from being presented." *Id.* at 454 n.3. But the court explained that it did "not understand Mr. LeBere to contend that, if Mr. Archuleta fabricated the alleged confession of his own accord and never advised Detective Walker of that fact, that confession was nevertheless so transparently false that Detective Walker <u>should have</u> recognized that Mr. Archuleta had concocted it." *Id.* In other words, Mr. LeBere "[did] not clearly argue that Detective Walker's acceptance of Mr. Archuleta's story as presented constituted a degree of negligence sufficient to give rise to a *Brady* violation." *Id.*

The court ultimately found that, based upon its "review of the record as a whole, Detective Walker's version of events [was] more credible than Mr. Archuleta's," and that Mr. LeBere's *Brady* claim failed as a result. *Id.* at 466. The court therefore adopted the magistrate judge's recommendation and denied Mr. LeBere's habeas petition.

II. <u>Discussion</u>

"We may grant a COA only if the petitioner makes a substantial showing of the denial of a constitutional right." *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (internal quotation marks omitted). To be entitled to a COA, Mr. LeBere must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotation marks omitted).

The narrow question on remand from Mr. LeBere's second appeal related solely to the credibility of Detective Walker versus Mr. Archuleta. We explained that "the district

5

court will either find that Archuleta's testimony is not credible (in which case both subclaims fail), or it will find that Archuleta is credible (in which case it will grant habeas relief)." *LeBere*, 746 F. App'x at 732 n.2. The district court ruled that Detective Walker was more credible and therefore denied Mr. LeBere's habeas petition.

Instead of challenging that ruling, Mr. LeBere now seeks to raise two new *Brady* arguments. First, he asserts that "[e]ven crediting Detective Walker's habeas testimony over Archuleta's, . . . Detective Walker suborned perjury and committed perjury himself, by allowing Archuleta to testify to details of LeBere's false 'confession' that Walker believed not to be true and that were in fact false." COA Mot. at 34-35. He further asserts that Detective Walker "*failed to disclose* that he did not believe key aspects of Archuleta's testimony." *Id.* at 35. Second, Mr. LeBere argues that "[e]ven if there was no overt conspiracy [between Detective Walker and Mr. Archuleta], [he] can still prove his *Brady* claim if he shows the State withheld evidence it *should have known* was false." *Id.* at 39.

We decline to grant Mr. LeBere a COA because he did not raise these particular *Brady* arguments before the district court and he cannot "stretch the canopy of his [original *Brady* claim] to cover" these new arguments. *Milton*, 812 F.3d at 1263. "We have long applied the rule that we do not consider issues not raised in the district court." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015). If an "argument was not raised in [an appellant's] habeas petition, it is waived on appeal." *Id.* This waiver principle holds true even where, as is the case here, the prisoner is seeking relief under

6

the same *type* of claim. Mr. LeBere cannot allege a *Brady* claim and "then usher in anything fitting under that broad category as the same claim." *Milton*, 812 F.3d at 1264.

Mr. LeBere cites extensively to Detective Walker's deposition from the habeas proceeding, *see* COA Mot. at 6-7; *id.* at 35-37, to support his argument that "Detective Walker suborned perjury, and committed perjury himself, by allowing Archuleta to testify to details of LeBere's false 'confession' that Walker believed not to be true and that were in fact false" in violation of *Brady*, *id.* at 34-35. He argues:

> [T]he District Court viewed this as an all-or-nothing question: either grant LeBere's petition if you believe Archuleta, or deny LeBere's petition if you believe Walker. Respectfully, there is a third option that LeBere *presented* and which requires habeas relief: even if Walker is believed, his own admissions in habeas proceedings show the State suppressed material exculpatory evidence at LeBere's trial by suborning Archuleta's perjury, vouching for that perjury, and withholding facts known to unmask the perjury. Even setting aside any credibility disputes, Walker's testimony shows that the State failed to disclose critical exculpatory information. This is a *Brady* violation that merits habeas relief.

*Id.* at 38 (emphasis added) (citations omitted).

But Mr. LeBere does not cite to where he *presented* this *Brady* argument to the district court. Mr. LeBere filed the operative pleading in this case—his amended habeas petition—on August 12, 2009. The *Brady* claim presented in the amended habeas petition is premised on allegations that Detective "Walker went about procuring a confession"; "Walker knew that LeBere never confessed to murdering Ms. Richards"; and "[Walker] knew that Archuleta's testimony about the confession was false, because Archuleta created the 'confession' with information that Walker supplied." Aplt. App., Vol. 1 at 35-36. The amended habeas petition explicitly links the *Brady* claim to

7

Detective Walker inducing Mr. Archuleta to concoct the false confession. *See id.* at 37 ("In this case, the prosecution committed two separate *Brady* violations, both of which stemmed from Walker's tampering with Archuleta."); *id.* at 38 ("Walker knew that LeBere never confessed, and Walker knew that Archuleta was able to offer his perjured testimony only thanks to information that Walker himself provided. This led to Walker's own perjury, through his testimony that Archuleta obtained the 'confession' from LeBere, rather than from information that Walker provided." (citation omitted)); *id.* at 39 ("Walker visited Archuleta several times in jail and gave Archuleta police reports to prepare for his testimony. These facts are exculpatory *Brady* material because it shows that LeBere's supposed confession was a lie concocted by Archuleta, and made possible and encouraged by Walker.").

Mr. LeBere's new *Brady* argument is based on the factual premise that he previously disputed—that Mr. Archuleta self-reported to Detective Walker that Mr. LeBere had confessed to him and Detective Walker played no role in inducing Mr. Archuleta to concoct the allegedly false confession. The new *Brady* argument is based on the theory that Detective Walker did not believe key aspects of Mr. Archuleta's testimony about Mr. LeBere's confession, but Detective Walker failed to disclose those beliefs to Mr. LeBere's defense lawyers, or tell the jury. Mr. LeBere asserts that "Walker affirmatively <u>vouched</u> for Archuleta and committed perjury himself when he told the jury he *had* corroborated those details and *did* believe Archuleta." COA Mot. at 38. He contends that "[t]he failure to disclose Archuleta's perjury, the commission of the perjury by vouching for Archuleta's testimony, and concealing knowledge that an assault could

8

not have been committed at Cheyenne Canyon as Archuleta testified, each constitute a *Brady* violation." *Id.* This new *Brady* argument is based on Detective Walker's testimony at his deposition in the habeas proceedings on remand after the first appeal, but Mr. LeBere never sought to further amend his habeas petition to raise this new argument after the deposition.

Mr. LeBere's second argument suffers from the same defect as his first. He argues that he can "prove his *Brady* claim even if there was no proven express agreement [between Detective Walker and Mr. Archuleta]" because of "Walker's *constructive* knowledge that Archuleta would testify falsely and his failure to disclose that information." COA Mot. at 41. He acknowledges the district court's conclusion that he did not present a constructive-knowledge theory, but he argues it is "plainly incorrect." *Id.* at 41 n.3. For support, he first cites to an argument in his COA motion in his second appeal to this court. *See id.* (citing Aplt. App., Vol. 2 at 406). But an argument in a motion to our court in a prior appeal does not show Mr. LeBere presented the issue to the district court. He next cites to a footnote in his habeas reply brief, which states "'[m]ost importantly, the State does not make any argument that in this case the misconduct of Walker and the perjured testimony of Archuleta and Walker were unknowable by the prosecutors or other state actors.'" *Id.* (quoting Aplt. App., Vol. 1 at 249 n.2). But that statement relates to the State's alleged knowledge about Detective Walker's misconduct in feeding evidence to Mr. Archuleta and inducing him to concoct a false confession and then both of them presenting false testimony about Mr. LeBere's false confession. This reference does not show that Mr. LeBere presented an argument to the district court that

9

Detective Walker had constructive knowledge that Mr. Archuleta would testify falsely about Mr. LeBere's confession. Finally, Mr. LeBere cites to his amended habeas petition where he outlined the factors for prevailing on a *Brady* claim and included a citation to a case with the parenthetical "that even negligent or inadvertent suppression is nevertheless suppression for *Brady* purposes." *Id.* (quoting Aplt. App., Vol. 1 at 34). But this citation to a general legal proposition without any accompanying factual development does not adequately present a constructive-knowledge argument to the district court. Mr. LeBere has failed to show that he presented a *Brady* argument in district court based on Detective Walker's constructive knowledge.

III. Conclusion

Although Mr. LeBere's amended habeas petition raised a *Brady* claim, he never raised the precise arguments he is now presenting in his COA request. In light of our general rule against considering issues for the first time on appeal, we will not consider these arguments now as a ground for a COA. *See Owens*, 792 F.3d at 1246 ("We have long applied the rule that we do not consider issues not raised in the district court to bar not only a bald-faced new issue presented on appeal, but also situations where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented [below]. Because the argument was not raised in [the] habeas petition, it is waived on appeal." (citation and internal quotation marks omitted)).

10

Accordingly, we deny Mr. LeBere's request for a COA and dismiss this matter.

Entered for the Court


Jerome A. Holmes
Circuit Judge

11